**GUCOVSCHI LAW FIRM, PLLC**
Adrian Gucovschi (State Bar No. 360988)
Nathaniel H. Sari (State Bar No. 362634)
165 Broadway, Fl. 23
New York, New York 10006
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com
         nathaniel@gucovschilaw.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Priscilla Banh, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Thermos LLC, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> (1) UNFAIR COMPETITION <br> (2) CONSUMER LEGAL REMEDIES ACT <br> (3) FALSE ADVERTISING <br> (4) BREACH OF EXPRESS WARRANTY <br> (5) BREACH OF IMPLIED WARRANTY <br> (6) NEGLIGENT MISREPRESENTATION <br> (7) INTENTIONAL MISREPRESENTATION/FRAUD <br> (8) BREACH OF CONSUMER PROTECTION STATUTES <br> (9) UNJUST ENRICHMENT <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Priscilla Banh ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Thermos LLC ("Thermos" or "Defendant").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## INTRODUCTION

1. This class action aims to hold Defendant, Thermos LLC, responsible for failing to truthfully and accurately label and market its thermos products.

2. Defendant manufactures, distributes, advertises and sells a line of thermos products for containing liquids (the "Products[1]").

3. The Products' front label prominently states the Products are "dishwasher safe."

4. The Products' online listings also state that the Products are "dishwasher safe."

5. Defendant uniformly makes the misrepresentations about the Products being dishwasher safe in all its online listings, marketing materials, and on the Products' packaging.

6. These representations create the impression that the Products are safe for ordinary and normal use in all areas of a standard residential dishwasher without being damaged.

7. But this statement is a false misrepresentation, as the Products cannot withstand ordinary and normal use in all areas of the standard residential dishwasher without being damaged.

8. Reasonable consumers understand dishwasher safe to mean the Products are safe for ordinary and normal use in all areas of a residential dishwasher without being damaged.

9. Like other reasonable consumers, Plaintiff was deceived by Defendant's unlawful conduct and brings this action individually and on behalf of all similarly situated consumers to remedy Defendant's unlawful acts.

## THE PARTIES

---

[1] The Products include the thermos products in Defendant's funtainer collection, icon series collection, and stainless king collection.

10.     Defendant Thermos LLC is a company organized under the laws of Delaware with its principal place of business located in Schaumburg, Illinois. At all times during the class period, Defendant was the manufacturer, distributor, marketer, and seller of the Products.

11.     Plaintiff Banh purchased three of Defendant's products from Defendant's Funtainer collection from Target.com while residing in San Francisco, California, in or around November 2023. Prior to purchasing the products, Plaintiff saw and believed Defendant's representations on the products' listing that the products were "dishwasher safe," which caused her to believe the products were safe for ordinary and normal use in all areas of a residential dishwasher without being damaged, i.e. without the Product material warping, peeling or deteriorating. She had also seen the front label representations that the product was "dishwasher safe" on physical labels of the Products in stores shortly before she made her purchases. When shopping for the products, she specifically sought out products that were "dishwasher safe" as it is more convenient and usually higher quality. When purchasing the products, Plaintiff did not expect that the products "dishwasher safe" representations to be false. Plaintiff did not expect Defendant to publicly place deceptive statements about the products on the front label of the products.

12.     Plaintiff saw and relied on the "dishwasher safe" claim on the product listing and on the front label of the products. Plaintiff would not have purchased the products, or would have paid less for the products, had she known that the products were not "dishwasher safe" because the products were not capable of withstanding normal and ordinary use in all areas of a standard residential dishwasher without being damaged. As a result, Plaintiff suffered injury in fact when she spent money purchasing products she would not have purchased, or would have paid less for, absent Defendant's misconduct.

13.     Plaintiff desires to and would purchase Defendant's Products again if the Products' labels were accurate and if the Products truthfully were dishwasher safe. However, because of Defendant's ongoing misrepresentations, Plaintiff is unable to rely on the Products' labeling when deciding in the future whether to purchase the Products. Considering that the Defendant continues to sell the Products for sale, she is at an imminent risk of future injury.

14.     Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims for all members of the proposed class are in excess of $5,000,000.00, exclusive of interests and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different from Defendant. The Products are sold at numerous retail stores and Plaintiff is seeking to represent a nationwide class. Thus, there are over 100 members in the proposed class and the proposed class has different citizenships from Defendant. Plaintiff seeks compensatory and statutory damages, disgorgement and restitution. Plaintiff also seeks punitive damages and attorneys' fees and costs. *See Montera v. Premier Nutrition Corp.*, No. 16-CV-06980-RS, 2022 WL 10719057, at *3 (N.D. Cal. Oct. 18, 2022), aff'd, 111 F.4th 1018 (9th Cir. 2024) (noting lodestar after jury trial in consumer protection action was $6,806,031.96). Thus, Plaintiff estimates that the amount in controversy exceeds $5 million.

16.     This Court has personal jurisdiction over the parties because Plaintiff resides in this District and because Defendant has, at all times relevant hereto, systematically and continually conducted, and continues to conduct, business in California, including within this District. Defendant therefore has sufficient minimum contacts with this state, including within this District and/or intentionally availed itself of the benefits and privileges of the California consumer market through the promotion, marketing, and sale of its products and/or services to residents within this District and throughout California.

17.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Also, Plaintiff resides in this District and purchased the Product within this District. Moreover, Defendant systematically conducts business in this District and throughout the State of

California, and it distributed, advertised, and sold the Products to Plaintiff and Class Members in this State and District.

**FACTUAL BACKGROUND**

18.     Defendant sells a variety of thermos products meant for maintaining liquids.

19.     On the front of packaging of the Products, Defendant represents the Products are "dishwasher safe."

20.     Below is an illustration of what the representation looks like on the packaging of the Products:



21.     Defendant also makes unequivocal "dishwasher safe" representations about the Products in its marketing materials and online listings for its Products. One such example taken

from the Product listing for the products purchased by Plaintiff from Target.com can be seen below:

**Highlights**

- 12oz vacuum-insulated water bottle with straw
- Double-wall stainless steel construction
- Fun character prints
- Flip top lid
- BPA-free
- Integrated handle
- Suitable for cold beverages
- Dishwasher safe

22.    Defendant's wrongful conduct in making these representations is still ongoing.

23.    It is reasonable to infer from these representations, as Plaintiff did, that the Products would not be damaged through ordinary and normal use in all areas of a standard residential dishwasher without being damaged.

24.    But contrary to Defendant's representations, the Products are not dishwasher safe as they are not safe for ordinary and normal use in all areas of a standard residential dishwasher as they will be materially damaged through normal and ordinary use, such as warping, peeling and deteriorating – which is what Plaintiff experienced with the products she purchased from Defendant.

25.    It is common for companies selling the same type of products as Defendant's Products, which can withstand ordinary and normal use in all areas of a residential dishwasher, to label their product as dishwasher safe.

26.    In this type of environment, consumers are more likely to be deceived by Defendant's misrepresentation.

27.    The "dishwasher safe" representation also connotes the durability and quality of the Products, as it is reasonable to infer that higher quality durable product is less likely to be degraded in the dishwasher.

28.    The "dishwasher safe" representation is also appealing to consumers as it represents convenience in cleaning the Products.

29.    As such, consumers are materially misled by Defendant's representations into believing that Defendant's Products are more durable and easier to wash than they are. And the consequence of Defendant's misrepresentation is that consumers will end up with a lower quality product that unbeknownst to them will end up being damaged through ordinary normal use in the dishwasher.

### Rule 9(b) Specific Fraud Allegations

30.    **WHO**: Defendant, Thermos LLC.

31.    **WHAT**: Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of its Products, both on the Products front labels, and on its online listings where it sells the Products, and marketing materials of the Products, by representing that the Products were "dishwasher safe" when the Products are in fact, not safe for ordinary and normal use without damage in all areas of a residential dishwasher.  Defendant's conduct here was and continues to be fraudulent because its representation is untrue. Defendant's marketing, packaging, and online listings have been consistent for the last four years up to at least the filing of this complaint.

32.    **WHEN**: Defendant made material misrepresentations and/or omissions during the putative Class periods, including prior to and at the time Plaintiff and the proposed class members purchased the Products, despite its knowledge that the Products do not conform to their purported qualities.

33.    **WHERE**: Defendant's marketing message was uniform and pervasive, carried through material misrepresentations and/or omissions on the labeling of the Products' packaging,

its online listings, including its target.com listing where Plaintiff purchased Defendant's product, and through its marketing materials.

34.    **HOW**: Defendant made materials misrepresentations and/or failed to disclose material facts regarding the Products, by making statements about the Product being dishwasher safe, even though the Products cannot tolerate ordinary and normal use in all areas of a standard residential dishwasher without being damaged, including warping, peeling and deteriorating. The "dishwasher safe" representations were made on the front label of the Products, and also in the online listings and marketing materials for the Products.

35.    **WHY**: Defendant made the material misrepresentations and/or omissions detailed herein for the express purpose of inducing Plaintiff, the proposed class members, and all reasonable consumers to purchase and/or pay for the Products, the effect of which was that Defendant profited by selling the Products to tens of thousands of consumers.

36.    **INJURY**: Plaintiff and the proposed class members purchased, paid a premium, or otherwise paid more for the Products when they otherwise would not have absent Defendant's misrepresentations and/or omissions.

<b><u>CLASS ACTION ALLEGATIONS</u></b>

37.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3). The proposed classes are defined below as ("collectively, the "Classes"):

> **<u>The Nationwide Class</u>**
>
> All persons in the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, who purchased any of Defendant's Products
>
> **<u>Multi-State Consumer Protection Subclass:</u>**
>
> All persons who, during the maximum period of time permitted by law, purchased Defendant's Products in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North

Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

**Multi-State Warranty Subclass:**

All persons who, during the maximum period of time permitted by law, purchased Defendant's Products in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming.

**California Subclass:**

All persons in California who, during the maximum period of time permitted by the law, purchased Defendant's Products for their personal use.

38. The Classes do not include (1) Defendant, its officers, and/or directors; (2) the Judge and/or Magistrate to whom this cause is assigned; (3) the Judge or Magistrate's staff and family; and (4) Plaintiff's counsel and Defendant's counsel.

39. Plaintiff reserves the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

40. ***Numerosity.*** Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the Class comprises at least millions of consumers. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

41. ***Commonality and Predominance***. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a)    Whether Defendant is responsible for the conduct alleged herein which was uniformly directed to all consumers who purchased the Products;

(b)    Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

(c)    Whether Defendant made misrepresentation concerning the Products that were likely to deceive the public;

(d)    Whether Plaintiff and the Class are entitled to injunctive relief;

(e)    Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

42.    With respect to the California Subclass, additional questions of law and fact common to the members include whether Defendant violated California's Consumers Legal Remedies Act, ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*

43.    ***Typicality.*** Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

44.    ***Adequacy.*** Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests, and Plaintiff has retained counsel that have considerable experience and success in prosecuting complex class-actions and consumer-protection cases.

45.    ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for members of the Class; the Class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs,

conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

46.      Defendant has acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

47.      Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and members of the Class and will likely retain the benefits of its wrongdoing.

48.      Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

<u>**CAUSES OF ACTION**</u>
**<u>Count I:</u>**
**Violations of California's Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
**(On behalf of Plaintiff and the California Subclass)**

49.      Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

50.      Plaintiff brings this claim under the UCL individually and on behalf of the California Class against Defendant.

51.      The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising. Defendant committed unlawful business acts or practices by making the representations and omitted material facts (which constitutes advertising within the meaning of California Business & Professions Code section 17200), as set forth more fully herein, and by violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§1750, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. § 17500, *et seq.*, 15 U.S.C. § 45, and by breaching express and implied warranties. Plaintiff, individually and on behalf of the other Class members, reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

52.     Defendant committed "unfair" business acts or practices by: (a) engaging in conduct where the utility of such conduct is outweighed by the harm to Plaintiff and the members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and (3) engaging in conduct that undermines or violates the intent of the consumer protection laws alleged herein. There is no societal benefit from deceptive advertising. Plaintiff and the other Class members paid for Products that are not as advertised by Defendant. Further, Defendant failed to disclose a material fact (that the Products cannot withstand normal and ordinary use in all areas of a residential dishwasher without being damaged) of which it had exclusive knowledge. While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and material omissions. As a result, Defendant's conduct is "unfair," as it offended an established public policy. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

53.     Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding the products set forth herein. Defendant's business practices as alleged are "fraudulent" under the UCL because they are likely to deceive customers into believing the products are safe for use in all areas of the dishwasher.

54.     Plaintiff and the other members of the Class have in fact deceived as a result of their reliance on Defendant's material representations and omissions. This reliance has caused harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result purchasing the Products and Defendant's unlawful, unfair, and fraudulent practices.

55.     Defendant's wrongful business practices and violations of the UCL are ongoing.

56.     Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount of which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

57.     Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the California Class, seeks (1) restitution from Defendant of all money obtained from plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with California law; and (3) all other relief this Court deems appropriate, consistent with California Business& Professions Code section 17203.

**Count II**
**Violations of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code §§ 17500, *et seq*.**
**(On Behalf of Plaintiff and the California Subclass)**

58.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

59.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

60.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state,  …in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

61.     Defendant committed acts of false advertising, as defined by § 17500, by using statements to promote the sale of its Products representing on the front label of the Products and in the Products online listing and marketing materials that the Products are "dishwasher safe." In doing so, Defendant omitted that the Products are not able to withstand ordinary and normal use in all areas of a residential dishwasher without being damaged.

62.     Defendant knew or should have known that its advertising claims have not been substantiated and are misleading and/or false.

63.     Defendant knew or should have known, through the exercise of reasonable care, that its representations were false and misleading and likely to deceive consumers and cause them to purchase Defendant's Products.

64.     Defendant wrongful conduct is ongoing and part of a general practice that is still being perpetuated and repeated through the State of California and nationwide.

65.     Plaintiff, individually and on behalf of all similarly situated California consumers, seeks individual, representative, and public injunctive relief and any other necessary orders or judgments that will prevent Defendant from continuing with its false and deceptive advertisements and omissions; restitution that will restore the full amount of their money or property; disgorgement of Defendant's relevant profits and proceeds; and an award of costs and reasonable attorneys' fees.

**Count III**
**Violations of California's Consumers Legal Remedies Act ("CLRA"),**
**Cal. Civ. Code §§ 1750, *et seq.***
**(On Behalf of Plaintiff and the California Subclass)**

66.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

67.     Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorships, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person have a sponsorship, approval, status, affiliation, or connection which he or she does not have."

68.      Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

69.      Civil Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

70.      Defendant's wrongful business practices constituted, and still constitute, a continuing course of conduct in violation of the CLRA.

71.      Plaintiff and the Class suffered economic injury as a direct result of Defendant's misrepresentations and/or omissions because they were induced to purchase the Products they would not have otherwise purchased or would have paid less for had Defendant had not made its misrepresentations about the Products being dishwasher safe.

72.      On June 23, 2025, Plaintiff notified Defendant in writing, by certified mail, of the violations alleged herein and demanded that Defendant remedy those violations pursuant to Cal. Civ. Code 1782. Defendant failed to correct its business practices or provide the requested relief within 30 days.

73.      Pursuant to California Civil Code 17800(a)(1)-(5) and 17800(e), Plaintiff and the California Subclass seek, in addition to injunctive relief, monetary damages from Defendant, reasonable attorneys' fees and litigation costs, and any other relief the Court deems proper under.

**Count IV**
**Breach of Express Warranty[2]**
**(On behalf of Plaintiff and the Multi-State Warranty Class)**

74.     Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

75.     Plaintiff brings this claim individually and on behalf of the Multi-State Warranty Class against Defendant.

76.     Plaintiff and the Multi-State Warranty Class Members formed a contract with Defendant at the time Plaintiff and the Multi-State Warranty Class Members purchased the Products.

77.     The terms of the contract include the promises and affirmations of fact made by Defendant on the Products' packaging that they are "dishwasher safe."

78.     This labeling and advertising constitute express warranties and became part of the basis of the bargain and part of the standardized contract between Plaintiff and the Multi-State Warranty Class and Defendant.

79.     As set forth above, Defendant purports through its labeling, marketing, and packaging to create an express warranty that the Products are "dishwasher safe." However, Defendant breached its express warranties regarding the Products because the Products are not safe for ordinary and normal use in all areas of a residential dishwasher

---

[2] While discovery may alter the following, Plaintiff asserts that the states with similar express warranty laws under the facts of this case include, but are not limited to: Alaska Stat. § 45.02.313; A.R.S. § 47-2313; Ark. Code § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. § 42a-2-313; 6 Del. C. § 2-313; D.C. Code § 28:2 313; Ga. Code § 11-2-313; HRS § 490:2- 313; Idaho Code § 28-2-313; 810 ILCS 5/2-313; Ind. Code § 26-1-2-313; K.S.A. § 84-2-313; KRS § 355.2-313; 11 M.R.S. § 2-313; Mass. Gen. Laws Ann. ch. 106 § 2-313; Minn. Stat. § 336.2-313; Miss. Code Ann. § 75-2-313; R.S. Mo. § 400.2-313; Mont. Code Anno. § 30-2 313; Neb. Rev. Stat. § 2- 313; Nev. Rev. Stat. Ann. § 104.2313; RSA 382-A:2 313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. § 25-2-313; N.D. Cent. Code § 41-02-30; ORC Ann. § 1302.26; 12A Okl. St. § 2-313; Or. Rev. Stat. § 72-3130; 13 Pa. C.S. § 2313; R.I. Gen. Laws § 6A-2-313; S.C. Code Ann. § 36-2-313; S.D. Codified Laws, § 57A 2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code § 2.313; Utah Code Ann. § 70A-2-313; 9A V.S.A. § 2-313; Va. Code Ann. § 59.1-504.2; Wash. Rev. Code Ann. § 62A.2-313; W. Va. Code § 46- 2-313; and Wyo. Stat. § 34.1-2-31.

80.    Plaintiff and the Multi-State Warranty Class performed all conditions precedent to Defendant's liability under this contract when they purchased the Products.

81.    Plaintiff and the members of the Multi-State Warranty Class would not have purchased the Products had they known the true nature of the Products.

82.    As a result, Defendant violated the express warranties of the Multi-State Warranty Class. Plaintiff and each members of the Nationwide Class suffered financial damage and injury as a result and are entitled to all damages, in addition to costs, interest, and fees, including attorney's fees, as allowed by law.

**<u>Count V</u>**
**Breach of Implied Warranty,**
**Cal. Com. Code. § 2314**
**(On Behalf of Plaintiff and the California Subclass)**

83.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

84.    Plaintiff brings this claim for breach of implied warranty individually and on behalf of all Classes against Defendant.

85.    Plaintiff and the Class purchased the Products manufactured, advertised, and sold by Defendant, as described herein.

86.    Defendant, through its act and omissions set forth herein, in the sale, marketing, and promotion of the Products, misrepresented the characteristics of the products to Plaintiff and the Class.

87.    Defendant is merchant with respect to the goods of this kind of which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those were merchantable.

88.    However, Defendant breached that implied warranty in that the Products were not "dishwasher safe" as they could not withstand ordinary and normal use in all areas of a residential dishwasher.

89.    The Products failed during normal and ordinary use and within a reasonable time after purchase, well before the end of their expected useful lifespan.

90.     As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that the Products did not conform to promises and affirmations made on the label of the Products.

91.     Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranties in the amount of the Product's price premium.

**Count VI**
**Negligent Misrepresentation**
**(On Behalf of Plaintiff and the California Subclass)**

92.     Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

93.     Plaintiff brings this claim for negligent misrepresentation individually and on behalf of the California Subclass against Defendant.

94.     Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

95.     During the applicable class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including the fact that the Products are not safe for ordinary and normal use in all areas of a standard residential dishwasher, despite being advertised as "dishwasher safe."

96.     Defendant made such false and misleading statements and omissions with intent to induce Plaintiff and Class Members to purchase the Products at premium price.

97.     Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for the Products.

98.    Plaintiff and Class Members were unaware of falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

99.    Plaintiff and Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

**Count VII**
**Intentional Misrepresentation/Fraud**
**(On Behalf of Plaintiff and the California Subclass)**

100.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

101.    Plaintiff brings this claim for intentional misrepresentation/fraud individually and on behalf of the California Subclass against Defendant.

102.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Products because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

103.    During the applicable class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Products, including the fact that the Products are not safe for ordinary and normal use in all areas of a standard residential dishwasher, despite being advertised as "dishwasher safe." These representations were material and were uniformly made.

104.    As noted in detail above, these representations were false and misleading, as the Products are not safe for normal use in all areas of the dishwasher. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

105.    Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Products at a premium price, deprive

Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

106. Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that consumers would pay more for products if they believed they were dishwasher safe. For that reason, Defendant misrepresented the Products so that Defendant could realize greater profits. Defendant knew that consumers would place trust and confidence in its Products' claims and rely thereon in their purchases of the Products.

107. Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

108. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Products at a premium.

109. Plaintiff and the Class Members would not have purchased the Products or paid as much for the Products if the true facts had been known.

110. As a result of their reliance, Plaintiff and the Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment at the time of purchase.

111. Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members Plaintiff and Class Members are therefore entitled to an award of punitive damages.

**COUNT VIII**
**Breach of Consumer Protection Statutes[3]**
**(On Behalf of Plaintiff and the Multi-State Consumer Protection Subclass)**

112.    Plaintiff hereby incorporates the foregoing paragraphs as if fully stated herein.

113.    Plaintiff brings this claim individually and on behalf of the Multi-State Consumer Protection Subclass against Defendant.

114.    Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive members of the Multi-State Consumer Protection Subclass and the public. As described throughout this Complaint, Defendant misrepresents that the Products are "dishwasher safe" when Products are not safe for ordinary and normal use in all areas of a standard residential dishwasher.

115.    The foregoing deceptive acts and practices were directed at consumers.

116.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

117.    As a result of Defendant's deceptive practices, Plaintiff and the Multi-State Consumer Protection Subclass suffered an economic injury because they would not have purchased

---

[3] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Rev. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code. Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.;  Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann., Bus. & Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

(or paid a premium for) the Products had they known that the Products were not, in fact, dishwasher safe.

118.     Plaintiff and the Multi-State Consumer Protection Subclass seek to recover their actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT IX
### Unjust Enrichment
### (On Behalf of Plaintiff and the Nationwide Class)

119.     Plaintiff hereby incorporates the foregoing paragraphs as if fully stated herein.

120.     Plaintiff brings this claim individually and on behalf of the Nationwide Class against Defendant under California law, or, in the alternative, on behalf of the respective state laws of the Nationwide Class, which are substantially similar to the law of unjust enrichment. California law requires: (1) receipt of a benefit; (2) unjust or wrongful retention of the benefit; and (3) at the expense of another.

121.     To the extent required, Plaintiff asserts this cause of action in the alternative to legal claims, as permitted by Rule 8.

122.     Plaintiff and the Class Members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the money they paid to Defendant.

123.     Defendant knew of the benefit conferred on it by Plaintiff and the Class Members.

124.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class Members' purchases of the Products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant omitted that the Products were not dishwasher safe. This caused injuries to Plaintiff and Class Members because they would not have purchased the Products or would have paid less for them if the true facts concerning the Products had been known.

125.     Defendant accepted and retained the benefit in the amount of the gross revenues derived from sales of the Products to Plaintiff and Class Members.

126.     Defendant has thereby profited by retaining the benefit under circumstances which would make it unjust for Defendant to retain the benefit.

127.    Plaintiff and Class Members are, therefore, entitled to restitution in the form of the revenues derived from Defendant's sale of the Products.

128.    As a direct and proximate result of Defendant's actions, Plaintiff and the Class Members have suffered in an amount to be proven at trial.

129.    Plaintiff and the Class Members have suffered an injury in fact and have lost money as a result of Defendant's unjust conduct.

130.    Plaintiff and the Class Members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

131.    Legal remedies available to Plaintiff and the Class Members are inadequate because they are not equally prompt, certain, or efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines Plaintiff fails to sufficiently adduce evidence to support an award of damages. Damages and restitution are not the same amount. Unlike damages, restitution is not limited to the amount of money a defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles a plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Legal claims for damages are not equally certain as restitution because such claims require different elements. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

132.    Equitable relief is appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Products are determined to be an amount less than the premium price of the Products. Without compensation for the full premium price of the Products, Plaintiff and the Class Members would be left without the parity in purchasing power to which they are entitled.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Request for Relief**

133.    Plaintiff, individually, and on behalf of all others similarly situated, requests for relief pursuant to each claim as follows:

    a.  Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

    b.  Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

    c.  Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

    d.  Ordering damages in amount which is different than that calculated for restitution for Plaintiff and the Class;

    e.  Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

    f.  Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

    g.  Ordering other relief as may be just and proper.

**Jury Demand**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 10, 2026               Respectfully submitted,

                                          **GUCOVSCHI LAW FIRM, PLLC**

                                          By:  */s/ Nathaniel H. Sari*
                                          Adrian Gucovschi (State Bar No. 360988)
                                          Nathaniel Haim Sari (State Bar No. 362634)
                                          165 Broadway, Fl. 23
                                          New York, NY 10006
                                          Telephone: (212) 884-4230
                                          Facsimile: (212) 884-4230

E-Mail: adrian@gucovschilaw.com
nathaniel@gucovschilaw.com

*Attorneys for Plaintiff*

1

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

2

I, Nathaniel Sari, declare as follows:

3

1.    I am an attorney at law licensed to practice in the State of California and a member

4

of the bar of this Court.  I am of counsel at Gucovschi Law Firm, PLLC, counsel of record for

5

Plaintiff Priscilla Banh in this action.  Plaintiff Priscilla Banh alleges that she is a citizen of

6

California who resides in San Francisco, California.  I have personal knowledge of the facts set

7

forth in this declaration and, if called as a witness, I could and would competently testify thereto

8

under oath.

9

2.    The Complaint filed in this action is filed in the proper place for trial under Civil

10

Code Section 1780(d) in that Defendant Thermos LLC, regularly does business in the Northern

11

District of California, and a substantial portion of the events alleged in the Complaint, including

12

the same misrepresentations, omissions, and injuries as alleged herein, have occurred in this

13

District.

14

I declare under the penalty of perjury under the laws of the State of California and the United

15

States that the foregoing is true and correct, and that this declaration was executed at Miami, Florida,

16

on Tuesday, February 10, 2026.

17

18

 /s/ Nathaniel H. Sari
Nathaniel H. Sari

19

20

21

22

23

24

25

26

27

28